**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

**Derrick Rodgers, William Owens, Thaddeus Dumas, Frankie Edwards, Zachary Ward, Dwayne Shelton, Jared Williams,** Individually and on behalf of all others similarly situated,

**Plaintiffs,**

**v.**

**Corrections Officer Dexter Brinson, Corrections Officer Elvis Howard,** Individually and in their official capacities; **Corrections Officer Jeffries, Corrections Officer Baker, Corrections Officer Woods** Individually and in their official capacities; **Eddie Roth, Dale Glass, Mayor Francis Slay,** in their official capacities; **St. Louis Medium Security Institution, City of St. Louis.**

**Defendants**

**Case No.:**

4:12CV01482JCH

**PLAINTIFFS' COMPLAINT FOR DAMAGES, AND FOR CLASSWIDE DECLARATORY INJUNCTIVE RELIEF**

**Filed Electronically**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' COMPLAINT FOR DAMAGES,**
**AND FOR CLASSWIDE DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW Derrick Rodgers ("Plaintiff"), on behalf of himself and all others similarly situated, by and thru counsel, and alleges as follows:

## INTRODUCTION

The Eighth Amendment to the Constitution prohibits the imposition of "cruel and unusual punishments." This means, the Supreme Court has recognized, that prison officials have a duty "to protect prisoners from violence at the hands of other prisoners: Farmer v. Brennan, 511 U.S. 825, 833 (1994). In other words, people are sent to prison as punishment, not for punishment. "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer, 511 U.S. at 834. Government officials "are not free to let the state of nature take its course" in America's prisons.

Farmer, at 833. The administrators of the Medium Security Institute of St. Louis (hereinafter "MSI") are ignoring this constitutional duty, resulting in wholesale fear, intimidation, and violence within the prison population.

The Supreme Court and the Eighth Circuit have further made it clear that prison officials violate the Eighth Amendment rights of prisoners both when they *undertake an act* that places a prisoner at substantial risk of serious harm, and when they *fail to act* to abate such a risk.

The MSI has been provided notice of the aforementioned violations, as well as numerous others. Such examples of notice include the preliminary investigation and report of 2007 "Suffering in Silence: Human Rights Abuses in St. Louis Correctional Centers" conducted and prepared by the American Civil Liberties Union of Eastern Missouri, released in 2009.

MSI operates within the City of St. Louis, was built with taxpayer dollars, and is located on public land. Plaintiffs request, among other things, that MSI be ordered by this Court to develop adequate policies, and hire and train a sufficient number of guards, to reasonably safeguard prisoners from assault, and that if MSI continues to ignore its duties under the Eighth Amendment, the Court should order the removal of all Missouri prisoners from this excessively violent and inhumane facility. In addition, compensatory and punitive damages are sought for Plaintiffs, Derrick Rodgers, William Owens, Thaddeus Dumas, Frankie Edwards, Ronald Floyd, and Dwayne Shelton, a handful of the scores of prisoners brutally assaulted and deprived of their constitutional rights as a result of Defendants' deliberate indifference and wanton disregard to prisoner safety. Relief is sought pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

**JURISDICTION AND VENUE**

1. Jurisdiction arises under the Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983.

2. Jurisdiction further exists pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4).

3. Plaintiffs' claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

4. Venue is properly found in this judicial district pursuant to 28 U.S.C.§1391(b) and (c) in that all plaintiffs reside in, and claims arose within this District.

**PLAINTIFFS**

5. Named plaintiffs, Derrick Rodgers, William Owens, Thaddeus Dumas, Frankie Edwards, Zachary Ward, Dwayne Shelton, and Jared Williams (hereinafter "Plaintiffs"), bring this action individually and on behalf of all others similarly situated.

6. Plaintiffs are residents of the State of Missouri, who at all times relevant to this Petition, have been adult citizens of the United States, subject to adult guardianship. Plaintiffs have been incarcerated in the City of St. Louis Medium Security Institution (hereafter "MSI"), and as such, at all times relevant, have been wards of the City of St. Louis, State of Missouri.

**THE PLAINTIFF CLASS**

7. The named plaintiffs incarcerated at MSI bring this action on their own behalf and as representatives of all other persons now incarcerated, or who in the future may become incarcerated, at MSI. Class certification is sought pursuant to F.R.Civ.P. 23(a), (b)(2). Class certification is appropriate because the members of the class are so numerous that joinder of all persons is impracticable; there are questions of fact or law common to the class; the representative parties' claims are typical of the claims of the class; and the named plaintiffs will fairly and adequately represent the interests of the class. In addition, the defendants have acted or refused to act on grounds generally applicable to all members of the class, thereby making appropriate final declaratory and injunctive relief to the class as a whole, and the questions of law or fact common to members of the class predominate over any questions affecting individual members.

## DEFENDANTS

8. Defendants Corrections Officer Dexter Brinson, Corrections Officer Elvis Howard, Corrections Officer Jeffries, Corrections Officer Baker, and Corrections Officer Woods (first names unknown at this time) are residents of the State of Missouri and at all relevant times were employees of MSI in their positions noted. Each defendant is sued in his or her individual and official capacities.

9. Defendant Eddie Roth is a resident of the State of Missouri. At all times material to this action, Mr. Roth has been the Director of Public Safety for the City of St. Louis. Mr. Roth is sued in his official capacity only, that is, damages are not being sought against him but only declaratory and injunctive relief.

10. Defendant Dale Glass is a resident of the State of Missouri. At all times material to this action, Mr. Glass has been Commissioner for MSI. Under Missouri law, Mr. Glass is responsible for overseeing the MSI staff and inmates. Mr. Glass is sued in his official capacity only, that is, damages are not being sought against him, but only declaratory and injunctive relief.

11. Defendant Francis G. Slay is a resident of the State of Missouri. At all times material to this action, Mr. Slay has been the Mayor of the City of St. Louis. Mayor Slay is sued in his official capacity only, that is, damages are not being sought against him but only declaratory and injunctive relief.

12. Defendant, St. Louis City Medium Security Institution ("MSI") operates in the City of St. Louis, State of Missouri, and at all times relevant to the instant case was owned by, was run and/or overseen by Defendant City of St. Louis Department of Public Safety.

13. Defendant, City of St. Louis at all times relevant to the instant case is a municipal government in the State of Missouri.

## STATEMENT OF FACTS

14. Plaintiffs incorporate by reference the averments of paragraphs 1 through 13 of their Petition as if fully stated herein.

15. MSI was constructed with public tax funds and operates within the City of St. Louis, State of Missouri. MSI is operated under the jurisdiction of St. Louis City, and oversight is maintained by the City of St. Louis Department of Public Safety.

16. In all incidents, (seven of which are summarized herein) prison officials were placed on notice that the victim faced a substantial risk of serious harm, and were denied requested medical attention, and yet officials failed to act to abate that risk causing these victims to suffer in silence. Moreover, in many of theses incidents, prison officials actually created the substantial risk by deliberately removing a prisoner from his cell and placing him in the cell of another inmate to be assaulted, or by moving a prisoner into an area where the officer knew an assault was likely to occur.

**1. DERRICK RODGERS**

17. At all times relevant, Plaintiff, Derrick Rodgers, was incarcerated at MSI for case number 1122-CR06918-01 for the charges of Domestic Assault, and Violation of Order of Protection.

18. On or about May 24, 2012, at 11:00 PM and May 25, 2012 at 1:00 AM Defendants Corrections Officer Dexter Brinson and Corrections Officer Elvis Howard, removed inmate Thaddeus Dumas from cell 12 of Unit 4 for the purposes of assaulting Rodgers.

19. Corrections Officer Brinson and Corrections Officer Howard instructed Plaintiff Dumas that if he did not attack Plaintiff Rodgers as they requested, that they would have him attacked by another inmate, as well as take away his access to commissary.

20. Defendants Brinson and Howard then escorted Dumas out of his cell, across the unit floor, and up a staircase to the second level to cell 50, inhabited by Rodgers. Defendants Brinson and Howard opened the cell door and placed Dumas in the cell for the purposes of assaulting Rodgers. Plaintiff Dumas, under threat, coercion, duress, and direct order of Defendants, repeatedly struck Rodgers about the face and chest.

21. Defendants Brinson and Howard remained outside the cell door, watching the assault as if a

spectator sport, and then opened the door to allow Dumas to exit the cell.

22. Plaintiff Rodgers suffered multiple contusions, bruises and blackened eyes as a result of the assault. Despite the severity of his injuries Rodgers did not receive medical attention for his injuries. Despite the severity of his injuries Rodgers did not report the assault for fear of future reprisal by Corrections Officers.

23. Defendants Howard and Brinson have been charged, and are being prosecuted by the St. Louis City Circuit Attorney's Office for Burglary, Assault, and Obstructing Government Operations for their aforementioned actions and inactions under cause numbers 1222-CR03462 and 1222-CR03464, respectively.

**2. WILLIAM OWENS**

24. At all times relevant, Plaintiff, William Owens, was incarcerated at MSI for case number 1122-CR07328-01 for the charges of Tampering with a Motor Vehicle, and Resisting Arrest.

25. On or about May 12, 2012, and *while on suicide watch*, Plaintiff William Owens observed Corrections Officer Jeffries physically assault inmate Zachary Ward (*also known as Karif McCreight*). Upon viewing this Owens stated to Jeffries that he would be informing Jeffries' supervisor of the incident. Defendant Jeffries then threatened to have another unnamed inmate attack Plaintiff Owens to force Owens to remain silent as to what he had observed.

26. Approximately one hour later Defendants Corrections Officer Jeffries and Corrections Officer Howard then escorted an unnamed inmate from cell 30 out of his cell, to cell 12, inhabited by Owens. Defendants Jeffries and Howard opened the cell door and placed the unnamed inmate in the cell for the purposes of assaulting Owens. The inmate, under threat, coercion, and direct order of Defendants, repeatedly and viciously struck Owens for several minutes.

27. Corrections Officer Jeffries and Corrections Officer Howard remained outside the cell door, watching the assault as if a spectator sport, and then opened the door to allow the unnamed inmate to exit the cell.

28. Plaintiff Owens suffered multiple contusions and bruises to his face, neck, and back as a result of the assault. Despite the severity of his injuries, Owens did not receive medical attention for said injuries.

29. Fearing further reprisals by the corrections officers Plaintiff Owens did not report the assault.

**3. THADDEUS DUMAS**

30. At all times relevant, Plaintiff, Thaddeus Dumas, was incarcerated at MSI for case number 1122-CR06831 for the charges of Burglary, Attempted Theft, and Property Damage.

31. On multiple occasions, Plaintiff, Thaddeus Dumas, was assaulted by, or under the direction of Defendants Corrections Officer Howard, Corrections Officer Brinson, and Corrections Officer Jeffries, was assaulted by an inmate at MSI.

32. On one or more occasions Plaintiff Dumas, under threat, coercion, duress, and direct order of Corrections Officers Howard, Brinson, and Jeffries was ordered to assault an inmate at MSI.

33. As a result of Plaintiff Dumas informing officials of the aforementioned incidents Defendants Corrections Officer Howard and Corrections Officer Brinson are being criminal prosecuted by the St. Louis City Circuit Attorney's Office under cause numbers 1222-CR03462 and 1222-CR03464, respectively.

34. As a result of Plaintiff Dumas' cooperation with officials, Corrections Officer Howard attempted to bribe multiple inmates to attack Dumas.

35. As a further result of his cooperation Plaintiff Dumas has since been threatened with assault by corrections officers, has been warned by inmates that the corrections officers have "put a price on his head", and has been refused meals for "snitching".

**4. FRANKIE EDWARDS**

36. At all times relevant, Plaintiff, Frankie Edwards, was incarcerated at MSI for case number

1122-CR01365-01 for the charges of Possession with Intent of a Controlled Substance, and Unlawful Use of Drug Paraphernalia.

37. On several occasions, Plaintiff, Frankie Edwards, was assaulted by, or under the direction of Defendants Corrections Officer Elvis Howard, Corrections Officer Dexter Brinson, was assaulted by an inmate at MSI.

38. On all material occasions Corrections Officers Elvis Howard, Dexter Brinson, and/or Corrections Officer Jeffries observed from outside the Plaintiffs cell door, watching the assault as if a spectator sport.

**5. ZACHARY WARD**

39. At all times relevant, Plaintiff, Zachary Ward, *also known as Karif McCreight*, was incarcerated at MSI for case number 1122-CR01606-01 for the charge of Resisting Arrest, and case number 1122-CR07377 for the charge of Possession of a Controlled Substance.

40. On or about May 12, 2012, and *while on suicide watch*, Plaintiff Zachary Ward was physically assaulted by Corrections Officer Jeffries. On said date an unnamed corrections officer opened the cell to allow Corrections Officer Jeffries entry into Ward's cell for the purposes of assaulting Ward. Upon entry Defendant Jeffries repeatedly choked and struck an unclothed and defenseless Ward about the face, chest, and back.

41. On various other occasions Plaintiff Ward, by use of threat, coercion, duress, and direct order of Defendants Howard, Brinson, and Jeffries, assaulted other inmates at MSI, and was assaulted by other inmates at MSI.

42. On all material occasions Defendants Elvis Howard, Dexter Brinson, and/or Corrections Officer Jeffries observed from outside the cell doors, watching the assaults as if a spectator sport.

**6. DWAYNE SHELTON**

43. At all times relevant, Plaintiff, Dwayne Shelton, was incarcerated at MSI for case number

0922-CR00551-01 for the charges of Statutory Sodomy.

44. On several occasions, Plaintiff, Dwayne Shelton, was assaulted by, or under the direction of Defendants Howard, Brinson, and Jeffries, was assaulted by an inmate at MSI.

**7. JARED WILLIAMS**

45. At all times relevant, Plaintiff, Jared Williams, was incarcerated at MSI for case number 1022-CR03759-01 for the charges of Assault and Armed Criminal Action.

46. On several occasions, Plaintiff, Jared Williams, was assaulted by, or under the direction of Corrections Officer(s) at MSI, was assaulted by an inmate at MSI.

47. On at least one occasion, Plaintiff Jared Williams was removed from his cell by Corrections Officers at MSI and taken to another inmates cell for the purpose of engaging in the previously described "gladiator styled combat", as if it were a spectator sport. Upon Williams' refusal to participate in the "gladiator combat" a Corrections Officer physically assaulted Williams. As a result of being assaulted by the corrections officer, Williams suffered severe injury to his jaw and a concussion.

48. On all material occasions Defendants Elvis Howard, Dexter Brinson, and/or Corrections Officer Jeffries observed from outside the Plaintiffs cell door, watching the assault as if a spectator sport.

49. The aforementioned forced assaults are but a handful of examples of the "gladiator sport" environment and other abuses that have been forced upon MSI inmates by correctional officers and caused Plaintiffs and the class they represent to suffer in silence. Evidence, including but not limited to video surveillance and eyewitness testimony, of Defendants' deliberate indifference and neglect to prisoner health and safety is copious and overwhelming.

50. At all times relevant Defendant Baker and Defendant Woods were a corrections officer employed by MSI.

51. Defendants Baker and Defendant Woods were made aware of the multiple assaults taking place in the above-described fashion, observed the unauthorized transportation of inmates for the various incidents, and observed several assaults themselves. Despite having such notice, Defendants Baker and Woods failed to take any action to abate the risk of serious harm to the victims, failed to report the actions to a superior officer, and failed to provide medical attention to the victims.

52. Plaintiffs have separately and collectively suffered numerous physical injuries, psychological trauma, and the deprivation of their constitutional rights as a result of the aforementioned assaults.

## PRAYER FOR CLASS CERTIFICATION

53. Plaintiffs on behalf of themselves and the members of the class respectfully pray for this Honorable Court to: Accept jurisdiction over this cause; Certify the class and appoint Plaintiffs as the representatives of the class, and appointing counsel for Plaintiffs as counsel for the class.

## COUNT I
**(Assault by Defendants Elvis Howard, Dexter Brinson, and Corrections Officer Jeffries)**

54. Plaintiffs incorporate by reference the averments of paragraphs 1 through 53 of their Petition as if fully stated herein.

55. On the various aforementioned occasions Defendants Elvis Howard, Dexter Brinson, and Corrections Officer Jeffries assaulted Plaintiffs, or caused Plaintiffs to be assaulted.

56. At all times relevant to this action Plaintiffs did not have the capacity to consent to or protect themselves from assault.

57. That as a direct and proximate result of the assault from the Defendants, Plaintiffs have been seriously, permanently and painfully injured in that they have suffered, and now suffer, physically and emotionally and they will be required to expend sums in the future for physical and psychological medical treatment in an amount yet unknown.

WHEREFORE, Plaintiffs, Derrick Rodgers, William Owens, Thaddeus Dumas, Frankie Edwards, Zachary Ward, Dwayne Shelton, by and through counsel, prays for judgment:

(1) Against Defendants Elvis Howard, Dexter Brinson, and Corrections Officer Jeffries, jointly and severably, in an amount that is fair and reasonable, in excess of one hundred thousand dollars ($100,000.00) and for their costs herein expended;

(2) That punitive damages be assessed against Defendants Elvis Howard, Dexter Brinson, and Corrections Officer Jeffries, jointly and severably, in the amount of $25,000,000.00 (twenty-five million dollars) to punish these defendants and to discourage them and other similarly situated persons and entities from engaging in this type of reprehensible conduct in the future;

(3) That Plaintiffs be awarded attorney's fees and costs expended;

(4) Grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 in favor of the Plaintiffs and the class they represent, declaring that the defendants have violated and ignored their duties under the Eighth and Fourteenth Amendments to the U.S. Constitution with respect to the protection of the named plaintiffs and the plaintiff class from unnecessary and preventable assault by other prisoners.

(5) And any such further relief this Court deems just and proper under the circumstances.

**COUNT II**
**(Violation of Constitutional Rights by Defendants Elvis Howard, Dexter Brinson, Corrections Officer Jeffries, Corrections Officer Baker, and Correction Officer Woods)**

58. Plaintiffs incorporate by reference the averments of paragraphs 1 through 53 of their Petition as if fully stated herein, and bring this count under the authority of 42 U.S.C. 1983.

59. By assaulting or directing the assault of Plaintiffs, Defendants Elvis Howard, Dexter Brinson, and Corrections Officer Jeffries, while an employee of MSI and the City of St. Louis Department Public

Safety, and under color of state law, violated Plaintiffs' interests in their liberty, their personal security and well-being, all under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution.

60. By failing to act to abate the risk of substantial and serious harm to Plaintiffs, Defendant Corrections Officer Baker and Correction Officer Woods, while employees of MSI and the City of St. Louis Department Public Safety, and under color of state law, violated Plaintiffs' interests in their liberty, personal security and well-being, all under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution.

61. That as a direct and proximate result of the violations of their constitutional rights as alleged herein, Plaintiffs were seriously, permanently and painfully injured in that they suffered, and now suffer, physically and emotionally and Plaintiffs will be required to expend sums in the future for medical treatment in an amount yet unknown.

WHEREFORE, Plaintiffs, Derrick Rodgers, William Owens, Thaddeus Dumas, Frankie Edwards, Zachary Ward, and Dwayne Shelton, by and through counsel, prays for judgment:

(1) Against Defendants Elvis Howard, Dexter Brinson, Corrections Officer Jeffries, Corrections Officer Baker, and Correction Officer Woods jointly and severably, in an amount that is fair and reasonable, in excess of one hundred thousand dollars ($100,000.00) and for their costs herein expended;

(2) That punitive damages be assessed against Defendants Elvis Howard, Dexter Brinson, Corrections Officer Jeffries, Corrections Officer Baker, and Correction Officer Woods, jointly and severably, in the amount of $25,000,000.00 (twenty-five million dollars) to punish these defendants and to discourage them and other similarly situated persons and entities from engaging in this type of reprehensible conduct in the future;

(3) That Plaintiffs be awarded attorney's fees and costs expended;

(4) Grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 in favor of the Plaintiffs and the class they represent, declaring that the defendants have violated and ignored their duties under the Eighth and Fourteenth Amendments to the U.S. Constitution with respect to the protection of the named plaintiffs and the plaintiff class from unnecessary and preventable assault by other prisoners.

(5) And any such further relief this Court deems just and proper under the circumstances.

**COUNT III**
**(Violation of Constitutional rights by Defendants St. Louis Medium Security Institution, and the City of St. Louis Department of Public Safety)**

62. Plaintiff incorporates by reference the averments of paragraphs 1 through 53 of this Petition as if fully stated herein, and brings this count under the authority of 42 U.S.C. 1983.

63. Defendants St. Louis Medium Security Institution, City of St. Louis Department of Public Safety, under color of state law, and by reason of the acts and failures of final policymakers for St. Louis Medium Security Institution and the City of St. Louis Department of Public Safety, violated Plaintiffs rights to liberty and personal security and well-being under the Fourth, Fifth, Eighth and Fourteenth amendments to the Constitution by being deliberately indifferent to the supervision of their employees Elvis Howard, Dexter Brinson, Corrections Officer Jeffries, Corrections Officer Baker, and Correction Officer Woods, so as to prevent said defendants from assaulting Plaintiffs and prevent risk of serious harm and injury; and by being deliberately indifferent to the need to establish policies and guidelines for the protection of persons under their care from the danger of assault perpetrated upon them by, or at the direction of employees.

64. That as a direct and proximate result of the violation of their constitutional rights as alleged herein, Plaintiffs were seriously, permanently and painfully injured in that they suffered, and now suffers, physically and emotionally and said plaintiffs will be required to expend sums in the future for physical and psychological medical treatment in an amount yet unknown.

WHEREFORE, Plaintiffs, Derrick Rodgers, William Owens, Thaddeus Dumas, Frankie Edwards, Zachary Ward, and Dwayne Shelton, by and through counsel, prays for a judgment:

(1) Against Defendants St. Louis Medium Security Institution, and the City of St. Louis Department of Public Safety, jointly and severably, in an amount that is fair and reasonable, in excess of one million dollars ($1,000,000.00) and for their costs herein expended;

(2) That punitive damages be assessed against St. Louis Medium Security Institution, and the City of St. Louis Department of Public Safety, jointly and severably in the amount of $100,000,000.00 (one hundred million dollars) to punish these defendants and to discourage them and other similarly situated persons and entities from engaging in this type of reprehensible conduct in the future;

(3) That Plaintiffs be awarded attorney's fees and costs expended;

(4) Grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 in favor of the Plaintiffs and the class they represent, declaring that the defendants have violated and ignored their duties under the Eighth and Fourteenth Amendments to the U.S. Constitution with respect to the protection of the named plaintiffs and the plaintiff class from unnecessary and preventable assault by other prisoners.

(5) Issue injunctive relief on behalf of Plaintiffs and on behalf of the class of prisoners they represent, pursuant to Rule 65 of the Federal Rules of Civil Procedure, ordering Defendants to protect Plaintiffs and the class of prisoners they represent against unnecessary and preventable assault by other prisoners and corrections officers. Defendants should be ordered, among other things, (a) to hire an adequate number of staff; (b) to adequately train staff; (c) to adequately investigate each prisoner assault to determine whether it could have been prevented by staff and whether staff misconduct or malfeasance caused or contributed to the assault; (d) to issue

adequate written findings, conclusions, and recommendations following each assault as to whether the assault could have been prevented; (e) to ensure that noncompliant or untrained staff will receive the discipline they deserve or additional training they need to prevent unnecessary violence at MSI; (f) to ensure that incident reports, documents, and logs are properly made and retained regarding incidents of prisoner assault; (g) to take all reasonable steps to eliminate the code of silence that pervades MSI; (h) to ensure that the victims of assault receive proper medical care for their injuries; and (i) to report all assaults resulting in significant injury to local law enforcement officials, including those assaults that appear to be hate crimes. In addition, Defendants should be ordered to make certain that MSI promptly implements corrective measures to ensure that prisoners are reasonably protected against assault and will receive adequate medical care for injuries sustained, and to ensure that all prisoners will be removed from MSI if those results are not achieved within a reasonable period of time.

(6) And any such further relief this Court deems just and proper under the circumstances.

Respectfully Submitted

#50536 MO59928

29341MO

59749 MO

Freeman R. Bosley, Jr. #29341MO
Daniel R. Brown #59749MO
Ryan M. Smith #59928MO
Paul E. Sims #50536MO
Attorneys for the Plaintiffs

**FREEMAN BOSLEY, JR #29341MO**
**DANIEL R. BROWN #59749MO**
Bosley & Associates, LLC
611 North 10th Street, Suite 300
St. Louis, Missouri 63101
(314) 621-1744

**RYAN M. SMITH, ESQ. #59928MO**
Ryan M. Smith & Associates, LLC
231 S. Bemiston, Suite 800
Clayton, Missouri 63105
(314) 467-0527

**PAUL E. SIMS #50536MO**
Sims & Bailey, LLC
4387 Laclede Ave.
St. Louis, Missouri 63108
(314) 534-0800

**ATTORNEYS FOR PLAINTIFFS**